**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EDWIN DOMENECH, TALITA PERAINO, JOE PERAINO, NANNETTE TORRES, and KIMBERLY CASSILIANO, individually and as personal representative of her minor daughter N.N., the Minor N.N., | CIVIL NO: |
| Plaintiffs, | Personal Injury; Diversity; Jury Trial Demanded |
| *- against -* | |
| ESJ RESORT, LLC, FAIRMONT EL SAN JUAN HOTEL; TROPICAL LEISURE SERVICES, INC.; COOPERATIVA DE SEGUROS MÚLTIPLES; ABC INSURANCE COMPANIES; CORPORATIONS ABC; and JOHN DOES AND JANE DOES, | |
| Defendants. | |

## <u>COMPLAINT</u>

TO THE HONORABLE COURT:

NOW COME THE PLAINTIFFS, EDWIN DOMENECH, TALITA PERAINO, JOE PERAINO, NANNETTE TORRES and KIMBERLY CASSILIANO individually and as guardian of her minor daughter N.N., (collectively "Plaintiffs"), through their undersigned counsel, NS PR LAW SERVICES LLC, bring this action against Defendants ESJ RESORT LLC, FAIRMONT EL SAN JUAN HOTEL, TROPICAL LEISURE SERVICES, INC., COOPERATIVA de SEGUROS MÚLTIPLES, ABC INSURANCE COMPANIES, CORPORATIONS ABC, and JOHN AND JANE DOES (collectively the "Defendants"), and in support thereof avers the following:

### I.     NATURE OF THE ACTION

1.     This is an action for damages in which Plaintiffs request relief for the physical and emotional injuries and resulting damages as a result of the negligence of the Defendants or

employees of the Defendants. Plaintiffs allege that, as a result of their actions and/or omissions, the Plaintiffs certain were caused to experience an electrocution event at or near the jacuzzi/hot tub located at the Fairmont El San Juan Hotel while Plaintiffs were guests of the resort, and that because of this event the Defendants, and each of them solely or jointly, are liable under Article 1536 of the Puerto Rico Civil Code, 31 L.P.R.A. § 10801 and Article 1538 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 10803, for the resulting damages.

## II.      JURISDICTION AND VENUE

2.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 as all Plaintiffs are citizens of a State different from, and diverse to, all the other Defendants in this case, and their claims exceed the requisite jurisdictional amount of $75,000.00 exclusive of interests and costs.

3.      Venue for this action lies within the District of Puerto Rico, pursuant to 28 U.S.C. § 1391(a) because all the events that give rise to this claim occurred at the Fairmont El San Juan Hotel, 6063 Avenida Isla Verde, Carolina, Puerto Rico 00979.

## III.      PARTIES

4.      Plaintiff EDWIN DOMENECH is an individual, of legal age, and a permanent citizen of and domiciled in Orange County, New York.

5.      Plaintiff TALITA A. PERAINO, is an individual, of legal age, married to JOE PERIANO and a permanent citizen of and domiciled in New York, New York.

6.      Plaintiff JOE PERAINO, an individual, of legal age, married to TALITA A. PERAINO and permanent citizen of and domiciled in New York, New York.

7.      Plaintiff NANETTE TORRES, is an individual, of legal age, and a permanent citizen of and domiciled in Nassau, New York.

8.      Plaintiff KIMBERLY CASSILIANO, is an individual, of legal age, and a permanent citizen of and domiciled in Richmond, New York. She is the mother and legal guardian of Plaintiff N.N.

9.      Plaintiff N.N., is an individual, minor, daughter of Plaintiff KIMBERLY CASSILIANO, and a permanent citizen of and domiciled in Richmond, New York.

10.     Defendant ESJ RESORTS LLC is a limited liability company organized under the laws of Delaware and domiciled in Delaware and legally authorized to conduct business in the Commonwealth of Puerto Rico, its registered physical address: 6063 Isla Verde Avenue, Carolina, Puerto Rico 00979.  The registered resident agent's name and address is CLV Services, Inc. 270 Munoz Rivera Avenue 7th Floor, San Juan PR 00918.

11.     At all relevant times, ESJ RESORTS, LLC. conducted business as and/or owned, managed and operated the FAIRMONT EL SAN JUAN HOTEL, a hotel resort located at 6063 Isla Verde Ave. Carolina Puerto Rico 00979.

12.     At all relevant times, ESJ RESORT, LLC. acted by and through its agents, apparent agents, employees, co-venturers, and those vested with the garb of agency, acting within the course and scope of their agency and employment, and in furtherance of ESJ RESORT, LLC and FAIRMONT EL SAN JUAN HOTEL mission, business, and affairs.

13.     At all relevant times, ESJ RESORTS, LLC. acted for itself or as a co-venturer, coconspirator, aider, abettor and/or agent for the other Defendants pursuant to a joint venture as alleged more fully below.

14.     Defendant FAIRMONT EL SAN JUAN HOTEL is a corporation or other type of legal entity organized, existing under the laws of Puerto Rico.

15.    At all relevant times, FAIRMONT EL SAN JUAN HOTEL conducted business as and/or controlled the FAIRMONT EL SAN JUAN HOTEL, a hotel resort located in 6063 Isla Verde Ave. Carolina Puerto Rico 00979 which is also known as "San Juan Hotel".

16.    At all relevant times, FAIRMONT EL SAN JUAN HOTEL acted by and through its agents, apparent agents, employees, co-venturers, and/or those vested with the garb of agency, acting within the course and scope of their agency and employment, and in furtherance of FAIRMONT EL SAN JUAN HOTEL mission, business, and affairs.

17.    Defendant TROPICAL LEISURE SERVICES, INC. is a domestic for-profit corporation or other legal entity organized, existing, and operating under the laws of the Commonwealth of Puerto Rico, and a citizen of Puerto Rico with designated address Condado Plaza Hotel Ave. Ashford, San Juan Puerto Rico 00907 and mailing address at PO Box 79595, Carolina Puerto Rico 00984-9595. Its designated Resident Agent is Eddie Rivera with physical address at Condado Plaza Hotel 1000 Ave Ashford, San Juan PR 00907 and mailing address at Cond. Castillo del Mar Suite 1253, Carolina PR 00979.

18.    Upon information and belief, TROPICAL LEISURE SERVICES, INC. provided pool maintenance services to the pool and jacuzzi at the FAIRMONT EL SAN JUAN HOTEL.

19.    Upon information and belief, COOPERATIVA de SEGUROS MÚLTIPLES was and still is an insurance company doing business under the laws of the Commonwealth of Puerto Rico, who had issued and maintained in full force and effect, at the time of the injuries and damages alleged herein, policies of insurance issued to all Defendants, covering all risk for injuries and accidents that Plaintiffs suffered as a result of their negligence.

20.    Defendants ABC INSURANCE COMPANIES are corporations organized or operating under the laws of the Commonwealth of Puerto Rico or of other state, and authorized to do business in Puerto Rico, which insure one or more co-defendants for the acts and/or omissions described herein or that

insure the hotel facilities and/or are liable for the injuries and damages sustained by Plaintiffs. All allegations and claims asserted herein against any Defendants are incorporated herein by reference against ABC INSURANCE COMPANIES. Said Corporations, when their true identities are known and their liability ascertained, will be identified by name, and joined in this action, if necessary. Any such amended complaint will relate back to the filing of this Complaint under the applicable rules of procedure.

21.    Upon information and belief CORPORATION ABC are legal entities, whose identities are unknown to Plaintiffs at this time, who caused or contributed to the injuries and damages to the Plaintiffs, but whose true identity and/or liability has not been ascertained at this time. Further, the individual fictitiously named Defendants, include, but may not be limited to, those that may have an ownership interest in the subject hotel and/or manage the business and/or hotel and/or had a duty to make the premises safe and/or keep the hotel safe condition to eliminate dangers to patrons and guests, such as those causing the injuries herein. All allegations and claims asserted herein against any Defendants are incorporated herein by reference against Corporations ABC. Said Corporations, when their true identities are known and their liability ascertained, will be identified by name, and joined in this action, if necessary. Any such amended complaint will relate back to the filing of this Complaint under the applicable rules of procedure.

22.    Upon information and belief, JOHN and JANE DOE Defendants are individuals, whose names and addresses are unknown to Plaintiffs at this time, and who caused or contributed to the injuries and damages to the Plaintiffs, but whose true identity and/or liability has not been ascertained at this time. Further, the fictitiously named Defendants, include, but may not be limited to, those that may have an ownership interest in the subject hotel and/or manage the business and/or hotel and/or had a duty to make and/or keep the hotel safe condition to eliminate dangers to patrons

and guests, such as those causing the injuries herein. All allegations and claims asserted herein against any Defendants are incorporated herein by reference against John and Jane Does. Said John and Jane Does, when their true identities are known and their liability ascertained, will be identified by name, and joined in this action, if necessary. Any such amended complaint will relate back to the filing of this Complaint under the applicable rules of procedure.

### IV.    ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

23.    FAIRMONT EL SAN JUAN HOTEL is a luxury hotel located at 6063 Ave. Isla Verde, Carolina Puerto Rico 00979 and is also referred to as "EL SAN JUAN HOTEL".

24.    At all times mentioned herein, Plaintiffs EDWIN DOMENECH, TALITA PERAINO, NANNETTE TORRES, KIMBERLY CASSILIANO, and N.N., were paying registered guests staying at the FAIRMONT EL SAN JUAN HOTEL.

25.    The Defendants individually, or jointly, marketed and advertised that the EL SAN JUAN HOTEL provided guests with amenities, including but not limited to, access to a safe and properly maintained pool and jacuzzi type whirlpool jacuzzi/hot tub.

26.    The Plaintiffs and each of them, who were registered guests of the Hotel, relied upon Defendants to provide a safe and operational pool and jacuzzi/hot tub for their use while guests at the Hotel.

27.    Plaintiffs had traveled to San Juan, Puerto Rico to celebrate Plaintiff NANNETTE TORRES wedding.

28.    On July 30, 2023, at around 9:30 am, Plaintiffs EDWIN DOMENECH, TALITA PERAINO, KIMBERLY CASSILIANO and N.N., went to the Hotel's pool and jacuzzi to swim and relax.

29.     When Plaintiffs EDWIN DOMENECH, TALITA PERAINO, KIMBERLY CASSILIANO and N.N., arrived at the pool area they saw a man with a machine near the pool and jacuzzi.

30.     There were no signs or warnings to guests advising that the pool was closed or  to advise that there was a dangerous condition.

31.     Plaintiffs asked the pool man if the pool and jacuzzi were opened and safe to use at that time, to which the pool man indicated it was.

32.     Plaintiff EDWIN DOMENECH attempted to enter the jacuzzi/hot tub and in so doing he grabbed onto the handrail for support and balance.

33.     Plaintiff EDWIN DOMENECH immediately and without warning experienced an electric current running through his body.  He began to shake uncontrollably whilst high voltage electric current coursed through his body causing an electrocution which contracted all of his muscles which impeded him from letting off from the rail.

34.     When Plaintiff TALITA PERAINO observed EDWIN DOMENECH shaking uncontrollably, she went to help him but as soon as she touched him, she was also electrocuted.

35.     TALITA PERAINO screamed for the pool man to turn off the machine.  When the machine was eventually turned off, EDWIN DOMENECH collapsed.

36.     Plaintiffs TALITA PERAINO and KIMBERLY CASSILIANO placed EDWIN DOMENECH's body on the side of the jacuzzi.   Plaintiff EDWIN DOMENCH began convulsing and foaming from the mouth and lost consciousness. After the convulsion stopped, EDWIN DOMENECH went into cardiac arrest and was pulseless.

37.    Plaintiff TALITA PERAINO began to perform cardiopulmonary resuscitation ("CPR") on Mr. DOMENECH while KIMBERLY CASSILIANO assisted. Minor Plaintiff N.N., was present observing the incident.

38.    Plaintiff NANNETTE TORRES found EDWIN DOMENECH convulsing and foaming through the mouth and TALITA PERAINO performing CPR on him and KIMBERLY CASSILIANO assisting.  Mrs. Torres asked the Hotel personnel for assistance and equipment, including a defibrillator.

39.    Plaintiffs TALITA PERAINO, KIMBERLY CASSILIANO and NANETTE TORRES continued to assist EDWIN DOMENECH until paramedics arrived.

40.    Plaintiff EDWIN DOMENECH regained consciousness and was transported to the Trauma Hospital ("Hospital Cuidado Agudo Especializado en Pacientes Politraumatizados") at Centro Médico, San Juan, Puerto Rico.

41.    As a direct and proximate cause of Defendants negligence, Plaintiff EDWIN DOMENECH suffered severe personal injuries including broken ribs, fractured left femur, fracture to the hip, fracture to the knee, burns to the face, tongue and right calf and had to undergo hip surgery.

42.    As a direct and proximate result of Defendants negligence and the injuries sustained at the Hotel, Plaintiff EDWIN DOMENECH has been and will continue to be subject to medical examinations, physical therapy, and additional treatment and surgery.

43.    Defendants failed to have or follow emergency response guidelines and have working first response equipment.

44.     As a direct and proximate result of the injuries sustained at the FAIRMONT EL SAN JUAN HOTEL, Mr. DOMENECH suffers from constant and intense pain and is unable to

perform various work and personal activities that he was able to perform without assistance prior to the accident.

45.     As a direct and proximate result of Defendants' negligent and reckless acts, Plaintiff EDWIN DOMENECH has suffered long-term injuries.

46.     As a direct and proximate result of Defendants' negligent and reckless acts, Plaintiff TALITA PERAINO suffered severe emotional and physical injuries including electrocution, trauma, bruising, anxiety, shame, guilt, depression, shock, sleep disturbances, uncontrollable crying, flashbacks.

47.     As a direct and proximate result of Defendants' negligent and reckless acts, Plaintiff TALITA PERAINO has been and will continue to be subject to medical treatment.

48.     As a direct and proximate result of Defendants' negligent and reckless acts, Plaintiff TALITA PERIANO suffered emotional damages.

49.     As a direct and proximate result of Defendants' negligent and reckless acts, Plaintiff NANNETTE TORRES suffered emotional damages including depression, anxiety, shame, guilt, sleep disturbances, flashbacks.

50.     Plaintiff NANNETTE TORRES suffered stress and anxiety, and was unable to enjoy her honeymoon, which was set to begin the next day as the incident caused extreme stress and anxiety.

51.     Plaintiff NANNETTE TORRES was unable to have sexual relations with her husband during the honeymoon due to the stress and anxiety and this caused tension with her husband.

52.     As a direct and proximate result of Defendants' negligent and reckless acts, Plaintiff NANNETTE TORRES has been and will continue to be subject to medical treatment.

53.     As a direct and proximate result of Defendants' negligent and reckless acts, Plaintiff KIMBERLY CASSILIANO suffered severe emotional injuries including depression, guilt, shame, shock, sleep disturbances, uncontrollable crying, flashbacks.

54.     As a direct and proximate result of Defendants' negligent and reckless acts, Plaintiff KIMBERLY CASSILIANO has been and will continue to be subject to medical treatment.

55.     As a direct and proximate result of Defendants' negligent and reckless acts, Plaintiff N.N., suffered severe emotional injuries.

56.     As a direct and proximate result of Defendants' negligent and reckless acts, Plaintiff N.N., has been and will continue to be subject to medical treatment.

57.     At all times mentioned, Defendants were operating the Hotel and extended an invitation to the public to come for the purpose of doing business with them.

58.     At all times mentioned, Defendant TROPICAL LEISURE SERVICES, INC. was responsible for the maintenance and repair of the pool and/or jacuzzi/hot tub at the FAIRMONT EL SAN JUAN HOTEL.

59.     These occurrences and injuries occurred solely as a proximate result of Defendants' negligence, as a proximate result of the initial acts, negligence, lack of attention, and intentional and/or reckless acts on the part of Defendants, without any negligence on the part of the Plaintiffs contributing thereto.

60.     Defendants, at the time of the accident, negligently and carelessly permitted the handrail to become and remain electrified.

61.     Defendants had actual and/or constructive notice of the dangerous condition.

62.     The negligence of Defendants, in addition to that hereinabove alleged, consisted of:

   a. Failure to warn of the dangerous conditions on the premises;

- 10 -

b. Failure to eliminate the dangerous conditions on the premises;

c. Among other negligent acts, omissions, and breaches of duties which will be proved at trial.

63.    As a direct and proximate result of Defendants' negligence, Plaintiff EDWIN DOMENECH has incurred medical expenses in the past and, in reasonable medical probability, will incur additional medical expenses in the future.

**COUNT I**
**NEGLIGENCE AGAINST DEFENDANTS**
**ESJ RESORTS LLC and FAIRMONT EL SAN JUAN HOTEL**

64.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs, as if fully set forth herein.

65.    Defendants had a non-delegable duty to maintain the hotel premises in a safe condition.

66.    Upon information and belief, the dangerous condition that caused the numerous significant and severe injuries to the plaintiffs were known and created by Defendants.

67.    These dangerous conditions on the premises posed a serious hazard to Plaintiffs and other guests.

68.    Defendants owed Plaintiffs a heightened duty of care as invitees because they were invited onto the Hotel property for Defendants benefit and/or implied invitation of Defendants.

69.    As invitees, Defendants owed Plaintiffs the utmost duty of care to make the hotel premises safe for Plaintiff and to protect them from all reasonable risk of dangerous conditions existing on the premises.

70.    That Defendants breached their duty to protect Plaintiffs from dangerous conditions in the hotel premises.

71.    At all relevant times herein, Defendants knew of, or by exercise of reasonable care should have discovered the dangerous conditions that caused Plaintiffs' injuries.

72.    Defendants are liable to Plaintiff for the said breaches of, and deviations from, acceptable standards of care, and for their own negligence and omissions, in:

(a)  Failing to provide adequate security and supervision in the pool and jacuzzi;

(b)  Failing to provide adequate supervision of their agents, apparent agents, employees, and those vested with the garb of agency, at the pool and jacuzzi area;

(c)  Failing to supervise the hiring of its agents, apparent agents, and employees;

(d)  Failing to adequately train their agents, apparent agents, employees, and those vested with the garb of agency on proper policy and protocol regarding customer safety for or during resort occasions;

(e)  Hiring and permitting the hiring of the third-party vendor and or contractor without conducting a reasonable or proper security background check;

(f)  Retaining the third-party vendor and /or contractor although Defendants knew or should have known of the third-party vendor's unsafe propensities;

(g)  Hiring and contracting with the third-party vendor pool service or maintenance company without conducting a reasonable security background check of their employees and/or contractors;

(h)  Retaining the services of a third-party vendor when Defendants knew or should have known of safety concerns to its customers with utilizing the third-party vendor;

(i)  Failing to maintain the pool and jacuzzi  area free of hazardous conditions;

(j)  Negligently inspecting the area and the equipment failing to identify the potential hazard or problems as it was foreseeable  that the cables and machine adjacent to the bodies of water could cause Plaintiff's injuries;

(k) Failing to warn of known dangers regarding safety concerns associated with placing live electrical wires near a body of water intended for the use of hotel patrons;

(l) Failure to warn patrons of the electrical hazard created by Defendants;

(m) Failure to close the pool during cleaning and maintenance when they knew, or should have known, electric current could be released form pool cleaning equipment;

(n)  By allowing guests and patrons into an area where electric equipment was being utilized to maintain the pool with wires and cables running across the wet patio;

(o)  Failing to ensure that electric cables, wires, and equipment were in good and proper working order to prevent the discharge of electric current into the surrounding area; and

(p) Failing to place proper signage warning guests of the dangers then and there existing related to the electrical equipment being utilized by the pool maintenance workers.

(q) Failing to develop and implement maintenance guidelines and protocols in order to identify  potential risks or conditions that could cause electrocution, thereby allowing area to become unsafe;

(r) Ignoring policies and procedures for maintaining pools safely;

(s) Ignoring known hazards and dangerous conditions relating to the hotel pool and jacuzzi /hot tub;

(t) Failing to develop and implement guidelines and protocols to respond to guests emergency incidents such as the one described herein;

(u) Failing to have properly working first response equipment, including defibrillator.

(v) Failing to follow guidelines and protocols to respond to guests emergency incidents such as the one described herein;

(w) Failing to take sufficient steps to ensure that any employee and/or third-party company tasked with maintaining, cleaning, fixing, and/or inspecting the pool was qualified to so and to recognize known and unknown hazards;

(x) Failing  or  ignoring  industry  standards,  recommendations,  procedures  or guidelines relating to maintaining the pool and jacuzzi /hot tub;

(y) Failing to require and ensure the use of safe and proper equipment;

(z) Failing to exercise due care with respect to the matters alleged in the Complaint;

73.    As a direct and proximate result of the negligence of Defendants, Plaintiff EDWIN DOMENECH suffered and will suffer serious, painful, and permanent physical and emotional pain and suffering, mental anguish, fear, anxiety, embarrassment, humiliation, inconvenience, and loss of life's pleasures.

74.    As a further direct and proximate result of the negligence of Defendants, Plaintiff EDWIN DOMENECH required and will continue to require extensive medical and psychological treatment.

75.    As a further direct and proximate result of the negligence of Defendants, Plaintiff EDWIN DOMENECH suffered and will continue to suffer loss of earnings, wages, and income.

76.    As a direct and proximate result of the negligent and reckless acts of Defendants, Plaintiff TALITA PERAINO suffered and will continue to suffer physical and emotional pain and suffering, mental anguish, fear, anxiety, embarrassment, humiliation, inconvenience, and loss of life's pleasures.

77.    At the time of the accident complained of, the Plaintiffs TALITA PERAINO and JOE PERAINO were married. Plaintiffs continue to be married.

78.    That as a result of the wrongful and negligent acts of the Defendants, and each of them, the Plaintiff JOE PERAINO was caused to suffer, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of his marital relationship with TALITA PERAINO.

79.    As a direct and proximate result of the negligence of Defendants, Plaintiff NANNETTE TORRES suffered and will suffer emotional pain and suffering, mental anguish, fear, anxiety, embarrassment, humiliation, inconvenience, and loss of life's pleasures.

80.    As a direct and proximate result of the negligence of Defendants, Plaintiff KIMBERLY CASSILIANO suffered and will suffer emotional pain and suffering, mental anguish, fear, anxiety, embarrassment, humiliation, inconvenience, and loss of life's pleasures.

81.    As a direct and proximate result of the negligence of Defendants, Plaintiff N.N., suffered and will continue to suffer emotional pain and suffering, mental anguish, fear, anxiety, embarrassment, humiliation, inconvenience, and loss of life's pleasures.

82.    The conduct of Defendants, as more fully set forth above, was egregious, outrageous, and in willful or reckless disregard of Plaintiffs' safety.

WHEREFORE, Plaintiff, respectfully requests judgment in her favor and against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000) for compensatory damages and punitive damages, together with interest and costs of suit.


### . COUNT II
### NEGLIGENCE AGAINST DEFENDANT
### TROPICAL LEISURE SERVICES, INC.

83.    All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

84.    Upon information and belief, the negligent acts and omissions of TROPICAL LEISURE SERVICES, INC. in using the electrical machine without taking precautions to have

electric current through them thereby electrocuting the Plaintiffs EDWIN DOMENECH and

TALITA PERAINO.

85.    Moreover, This Defendant was negligent in failing to adhere to proper standards of

care, and for their own negligence and omissions, in:

(a) Failing to provide adequate security and supervision in the pool and jacuzzi;

(b) Failing to provide adequate supervision of their employees, agents, apparent agents, and those vested with the garb of agency, at the pool and jacuzzi area;

(c) Failing to supervise the hiring of its employees, agents and/or apparent agents;

(d) Failing to adequately train their employees, agents and/or apparent agents, and/or those vested with the garb of agency on proper policy and protocol regarding safety and customer safety for or during resort occasions;

(e) Failing to hire experienced and professional personnel;

(f) Hiring and permitting the hiring of the third-party vendor and or contractor without conducting a reasonable or proper security background check;

(g) Retaining the third-party vendor and or contractor although Defendants knew or should have known of the third-party vendor's unsafe propensities;

(h) Hiring and contracting without conducting a reasonable security background check of their employees and/or contractors and their experience and capabilities;

(i) Retaining the services of a third-party vendor when Defendants knew or should have known of safety concerns to its customers with utilizing the third-party vendor;

(j) Failing to warn of known dangers regarding safety concerns associated with placing live electrical wires near a body of water intended for the use of hotel patrons;

(k) Failure to warn patrons of the electrical hazard created by Defendants;

(l) Failure to warn hotel management of the electrical hazard created by Defendant;

(m) Failing to use of safe and proper equipment;

(n) Failure to close the pool during cleaning and maintenance when they knew, or should have known, electric current could be released form pool cleaning equipment;

(o) By allowing guests and patrons into an area where electric equipment was being utilized to clean the pool with wires and cables running across the wet patio;

(p) Failing to ensure that electric cables, wires and equipment were in good and proper working order to prevent the discharge of electric current into the surrounding area; and

(q) Failing to place proper signage warning guests of the dangers then and there existing related to the electrical equipment being utilized by the pool maintenance workers.

86.    As a direct and proximate result of said negligence of Defendant TROPICAL LEISURE SERVICES, INC., the Plaintiffs were injured in their health, strength, and activity, all of which said injuries have caused and continue to cause the Plaintiffs great mental, physical, and nervous pain and suffering.

<u>**COUNT III**</u>
**NEGLIGENT MISREPRESENTATION**
(*Against All Defendants*)

87.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

88.    Defendants knew or should have known that operating an electrical machine near a body of water (i.e. pool, jacuzzi)  intended for the use and enjoyment of hotel patrons created a potential hazard yet failed to disclose same to Plaintiffs.

89.    Defendants, having actual or constructive knowledge that using an electrical machine near a body of water that was intended for hotel patrons created a potentially deadly hazard, expressly and impliedly advertised, represented and assured Plaintiffs  that the pool and jacuzzi were safe.

90.     Plaintiffs, justifiably relying on the Defendants' reputation and material representations and assurances proceeded to use the pool and jacuzzi/hot tub.

91.     As a direct and proximate result of the material misrepresentations and omissions of Defendants, Plaintiffs have suffered and will continue to suffer physical and emotional pain and suffering, mental anguish, fear, anxiety, embarrassment, humiliation, inconvenience, loss of life's pleasures.

92.     As a further direct and proximate result of the misrepresentations and omission of Defendants, Plaintiffs required and will continue to require extensive medical and psychological treatment.

93.     As a further direct and proximate result of the misrepresentations and omission of Defendants, Plaintiffs  suffered economic damages.

WHEREFORE, Plaintiff respectfully requests judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $50,000,000.00 for compensatory damages and punitive damages, together with interest and costs of suit.


## COUNT IV
## DIRECT ACTION

94.     All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

95.     Under Puerto Rico's Direct-Action Statute, the insurer issuing a policy insuring any person against loss or damage through legal liability for bodily injury and damages to a third party, shall become liable whenever a loss covered by the policy occurs. *P.R. Laws Ann. 26 § 2001.*

96.     Defendant COOPERATIVA de SEGUROS MÚLTIPLES issued policies of insurance covering the liability of the Defendants for the damages claimed by the Plaintiffs herein.

97.     Defendant COOPERATIVA DE SEGUROS MÚLTIPLES is liable for the damages herein demanded pursuant to the insurance policies issued for the benefit of the Defendants.

98.     Insurance Companies ABC issued policies of insurance covering the liability of the Defendants for the damages claimed by the Plaintiffs herein.

99.     Insurance Companies ABC are liable for the damages herein demanded pursuant to the insurance policies issued for the benefit of the Defendants.

## PUNITIVE DAMAGES

100.    Plaintiffs repeat and reallege all of the preceding paragraphs as if fully set forth herein.

101.    Pursuant to Article 1538 of the Civil Code, when the negligent act or omission that proximately causes injuries to a third party is a crime, a reckless act or is done with wanton disregard of the life and safety of others, the injured party shall be entitled to punitive damages in an amount not to exceed two (2) times the amount of the damages suffered. See *PR Laws Ann 31 § 10803*.

102.    Defendants are also liable for punitive damages because their negligent acts and omissions amount to a wanton disregard of the safety of the hotel's guests and were the proximate cause of above stated injuries and damages.

103.    Therefore, the Defendants are liable to Plaintiffs for punitive damages equal to two (2) times the damages awarded to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

- 19 -

1.   For past and future general damages on each cause of action, according to proof;

2.   For past and future hospital, medical, nursing care, treatment, and incidental expenses, according to proof;

3.   For past and future loss of earnings and earning power, according to proof;

4.   For past and future mental and emotional distress, according to proof;

5.   For restitution, according to proof;

6.   For punitive damages in an amount appropriate to punish and/or set an example of Defendants or is in any other way appropriate.

7.   For past and future costs of suit incurred herein, and recovery for reasonable attorney fees and expenses of litigation;

8.   For loss of consortium loss of society, affection, assistance, and conjugal fellowship;

9.   For pre- and post-judgment interest as allowed by law;

10.  For such other and further relief, the Court may deem just and proper.


## JURY TRIAL DEMANDED

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

Dated:

                                        Respectfully submitted,

                                        **NSPR LAW SERVICES LLC.**

                                        Marisela Fernández-Rosales
                                        USDC-PR-222913
                                        1302 Ponce de Leon Ave.,
                                        Santurce, Puerto Rico 00907
                                        Tel.: 212-397-1000
                                        Email: MRosales@NSPRLaw.com

Hunter Shkolnik, Esq.
(*admitted to bars of State of New York, New Jersey & Wisconsin and various United States Districts Courts including SDNY, NDNY, EDNY, DNJ, EDMO)*
**NSPR LAW SERVICES LLC.**
(*pro hac vice anticipated*)
1302 Ponce de Leon Ave.,
Santurce, Puerto Rico 00907

*Counsel for Plaintiffs*