**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Edwin Domenech et al., <br><br> Plaintiffs, <br><br> v. <br><br> ESJ Resort LLC et al., <br> Defendants. | Civil No. 23-1532 (SCC) |

**REPORT AND RECOMMENDATION**

Before the Court is third-party defendant and counterclaimant ESJ Resort LLC's (the "Hotel") motion for partial summary judgment. Docket No. 116. The Hotel seeks for the Court to adjudicate as a matter of law Count 2 of its Amended Counterclaim at Docket No. 115. In Count 2 of the Amended Counterclaim, the Hotel asks the Court find that CSMPR is in material breach of the Policy and bound to provide defense and coverage under the Policy from any adverse judgment issued in this case and in a parallel action pending in the state of Delaware, and that it reimburse the Hotel for all past, present, and future costs and attorney's fees incurred in this lawsuit and in the Delaware lawsuit. Docket No. 115 at ¶ 5.10. Tropical Leisure Services, Inc. ("Tropical") and its insurer Cooperativa de Seguros Múltiples de Puerto Rico ("CSMPR") opposed the Hotel's motion for partial summary judgment at Docket Nos. 127 and 125, respectively. CSMPR also filed a cross-motion for partial summary judgment at Docket No. 125. The Hotel filed replies at Docket Nos. 137 and 138. After carefully considering the parties' submissions and the applicable law, the Court recommends the Hotel's motion for partial summary judgment be **GRANTED** and CSMPR's cross-motion for partial summary judgment be **DENIED**.

**I.    Legal Standard**

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is warranted when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is considered

genuine if "a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." Velázquez-Pérez v. Developers Diversified Realty Corp., 753 F.3d 265, 270 (1st Cir. 2014) (citation omitted). A fact is "material" if it potentially affects the outcome of the suit. American Steel Erectors, Inc. v. Local Union No. 7, 536 F.3d 68, 75 (1st Cir. 2008). The moving party "may affirmatively produce evidence that negates an essential element of the non-moving party's claim" or "point to evidentiary materials already on file . . . that demonstrate that the non-moving party will be unable to carry its burden of persuasion at trial." Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). "[I]f the summary judgment record satisfactorily demonstrates that the plaintiff's case is, and may be expected to remain, deficient in vital evidentiary support, this may suffice to show that the movant has met its initial burden." Ocasio-Hernández v. Fortuño-Burset, 777 F.3d 1, 4–5 (1st Cir. 2015) (citing Carmona, 215 F.3d at 133).

In evaluating a motion for summary judgment, the court must view "the record in the light most favorable to the nonmovant and must make 'all reasonable inferences in that party's favor.'" Espacio Residential, LLC v. Gómez-Sánchez, 2023 WL 3548974 at *2 (D.P.R. May 18, 2023) (quoting García-García v. Costco Wholesale Corp., 878 F3d 411, 417 (1st Cir. 2017)). But the non-movant may not rely on "[c]onclusory allegations, improbable inferences, and unsupported speculation […] to establish a genuine dispute of fact." Velázquez-Pérez, 753 F.3d at 270 (citations omitted). Neither may the non-movant rest upon mere allegations or denials of the pleadings. Torres Otero v. Hospital General Menonita, 115 F.Supp.2d 253, 257 (D.P.R. 2000) (citations omitted).

In the context of cross-motions for summary judgment, the Court "must evaluate each motion independently, drawing all inferences against each movant in turn." AJC Int'l, Inc. v. Triple-S Propiedad, 790 F.3d 1, 3 (1st Cir. 2015). "Cross-motions for summary judgment do not alter the summary judgment standard, but instead simply require [the Court] to determine whether either of the parties deserves judgment as a matter of law on the facts that are not disputed." Wells Real Est. Inv. Tr. II, Inc. v. Chardón/Hato Rey P'ship, S.E., 615 F.3d 45, 51 (1st Cir. 2010) (internal citations omitted). Although each motion for summary judgment shall be decided on its own merits, each motion need not be considered in a vacuum. Puerto Rico Am. Ins. Co. v. Rivera Vázquez, 603 F.3d 125, 133 (1st Cir. 2010).

Domenech et al v. ESJ Resort LLC et al
Civil No. 23-1532 (SCC)
Report and Recommendation

## II.     Uncontested Facts

After examining the parties' submissions but having disregarded arguments and conclusory statements in the parties' statements of fact,[1] the Court finds that the following material facts are not in dispute.

1. CSMPR issued a commercial general liability policy CG806882-2 ("the Policy") to Tropical with effective period from April 18, 2023, to April 18, 2024, and policy limits of $2,000,000 per incident. The Hotel's Statement of Uncontested Material Facts ("HSUMF") at Docket No. 116-7 ¶ 2.

2. CSMPR also issued excess umbrella policy CU-13320 in favor of Tropical with an effective period from April 18, 2023, to April 18, 2024, and excess policy limits of $1,000,000. HSUMF ¶ 2.

3. The Policy states that CSMPR will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." HSUMF ¶ 26; Docket No. 116-1 at p. 16.

4. The Policy states that CSMPR "will have the right and duty to defend the insured against any 'suit' seeking those damages. However, [CSMPR] will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." HSUMF ¶ 27; Docket No. 116-1 at p. 16.

5. The Policy has an exclusion titled Contractual Liability. It excludes coverage for the insured when the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. But that exclusion does not apply to liability for damages when such a liability has been assumed by the insured in an "insured contract" and the damages occur after the execution of that contract. Docket No. 116-1 at p. 17.

6. According to the Definitions section of the Policy, an "insured contract" includes a contract pertaining to the insured's business under which the insured assumed tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Docket No. 116-1 at p. 29.

7. In the Supplementary Payments section of the Coverage of the Policy, the Policy provides that, in the case that an indemnitee of the insured is named in a party to a suit, the insurance company will defend the indemnitee if several conditions are met, including that "no conflict appears to exist

---

[1]     While the Hotel included 33 statements of fact, CSMPR included 5 additional statements of fact, and Tropical included 24 additional statements of fact, not all are material to the issues presently before the Court.

3

Domenech et al v. ESJ Resort LLC et al
Civil No. 23-1532 (SCC)
Report and Recommendation

> between the interests of the insured and the interests of the indemnitee[.]" Docket No. 116-1 at 24.

8. CSMPR issued an additional insured endorsement CG 20 26 04 13 ("AIE"), modifying the Policy's coverage to include the Hotel as an additional insured. Docket No. 116-1 at pp. 34-35, 59-60.

9. The AIE provides:

> A. Section II – Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:
>
> 1. In the performance of your ongoing operations;
>
> or
>
> 2. In connection with your premises owned by or rented to you.
>
> However:
>
> 1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
>
> 2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured. Docket No. 116-1 at p. 34, 59.

10. The Hotel is designated as an additional insured under both the primary and excess umbrella policies. HSUMF ¶ 5.

11. On July 30, 2023, Edwin Domenech ("Domenech") suffered an accident in the Hotel's pool area while Tropical was performing maintenance and cleaning of the pools and jacuzzies. HSUMF ¶ 8.[2]

12. On August 14, 2023, the Hotel placed CSMPR on notice via certified mail of Domenech's accident and requested defense and coverage under the Policy. HSUMF ¶ 10.

---

[2] While Tropical denies this statement "because the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence," this statement is admitted in Tropical's proffer of facts at Docket No. 87 at p. 13 ¶ 10.

Domenech et al v. ESJ Resort LLC et al
Civil No. 23-1532 (SCC)
Report and Recommendation

13. CSMPR sent a communication to Tropical, its primary named insured, acknowledging the receipt of the claim, creating a case number, and sending the claim for investigation. CSMPR's Statement of Uncontested Material Facts ("CSUMF") at Docket No. 125-4 ¶ 11; Docket No. 125-1.

14. On October 23, 2023, Domenech and other plaintiffs ("Plaintiffs") filed the captioned complaint against the Hotel, Tropical, and CSMPR. HSUMF ¶ 12; Docket No. 1.

15. On October 27, 2023, the Hotel formally tendered the complaint to CSMPR requesting defense and coverage. HSUMF ¶ 13.

16. On October 27, 2023, CSMPR acknowledged receipt of the Hotel's request and stated it was still evaluating its tender. HSUMF ¶ 15; Docket No. 125-4 ¶15.

17. On December 6, 2023, CSMPR sent a letter confirming the defense assignment but under a full reservation of rights. HSUMF ¶ 16; Docket No. 116-3; Docket No. 125-4 ¶16.

18. On February 27, 2024, the Court entered partial judgment in favor of the Hotel, dismissing without prejudice all claims against the Hotel for lack of subject-matter jurisdiction. HSUMF ¶ 17; Docket No. 28.

19. On April 11, 2024, Plaintiffs sued the Hotel in the Delaware Superior Court (the "Delaware suit"). Docket No. 116-4.

20. On May 29, 2024, the Hotel tendered the Delaware suit to CSMPR via an electronic communication. HSUMF ¶ 19.

21. On June 5, 2024, CSMPR and Tropical filed a motion for leave to file a third-party complaint against the Hotel. HSUMF ¶ 20: Docket No. 35.

22. On September 4, 2024, CSMPR filed a motion to dismiss its third-party complaint against the Hotel without prejudice. HSUMF ¶ 23; Docket No. 64.

23. On October 4, 2023, CSMPR denied reimbursing the Hotel for legal fees incurred in the Delaware suit. CSMPR also denied the Hotel defense and coverage for claims attributable solely to the Hotel's own negligence. HSUMF ¶ 32; Docket No. 116-5.

5

Domenech et al v. ESJ Resort LLC et al
Civil No. 23-1532 (SCC)
Report and Recommendation

### III. Discussion

The Hotel moves for partial summary judgment, asserting that: (1) CSMPR is in material breach of the Policy; (2) CSMPR must provide full defense and coverage; and (3) CSMPR must reimburse the Hotel for all attorney's fees and costs incurred in connection with the defense from the complaint in this case and the Delaware suit. Docket No. 116. The Hotel relies on the language of the additional insured endorsement of the Policy that states that the Hotel is as "an additional insured" "with respect to liability for 'bodily injury', 'property damage' or 'personal and advertising injury' caused, in whole or in part, by [the] acts or omissions [of Tropical] or the acts or omissions of those acting on [Tropical's] behalf." The Hotel also relies on the allegations of the complaint in this case and in the Delaware suit, where Plaintiffs claim damages for injuries suffered "in whole or in part" due to Tropical's work while cleaning the pools and using the pool vacuum on July 30, 2023. Docket No. 116 at p. 8. The Hotel concludes that based on the clear language of the Policy, CSMPR is obligated to defend and provide coverage to the Hotel under the Policy, even when Plaintiffs and Tropical have made allegations of negligence against the Hotel. Id. at p. 9. The Hotel also preemptively argues against CSMPR's contention that Tropical's claims of negligence against the Hotel exempt CSMPR from its obligation to defend and provide coverage to the Hotel. As argued by the Hotel, any indemnity granted by Tropical to the Hotel does not limit the coverage provided to the Hotel under the Policy as an additional insured, regardless of any "conflict of interest" between Tropical and the Hotel. Id. at p. 10. Lastly, the Hotel argues that CSMPR is estopped from denying coverage to the Hotel at this juncture. Id. at pp. 11-13.

CSMPR cross-moves for partial summary judgment alleging that: (1) its duty to defend and provide coverage to the Hotel is limited to acts or omissions directly related to Tropical's operations; and (2) CSMPR is not required to reimburse the Hotel's legal fees due to a conflict of interest with the defense of Tropical. Docket No. 125. CSMPR's arguments can be summarized as follows. There is no "insured contract" between Tropical and the Hotel because, according to CSMPR, Tropical did not assume the liability of the Hotel in the Services Agreement between Tropical and the Hotel. Id. at pp. 14, 18; see Services Agreement at Docket No. 116-2. Even if there was an "insured contract" between Tropical and the Hotel, CSMPR is not required to defend the Hotel because Tropical has made allegations of negligence against the Hotel, which creates a conflict of interest between the parties and exempts CSMPR from having to provide defense to the

6

Domenech et al v. ESJ Resort LLC et al
Civil No. 23-1532 (SCC)
Report and Recommendation

Hotel under the Policy. Id. at pp. 14, 16. CSMPR also argues that, pursuant to the language of the additional insured endorsement in the Policy, coverage to the Hotel does not extend to acts or omissions attributable solely to the Hotel, and coverage is limited to actions related to the services provided by Tropical. Id. at p. 15. CSMPR counters that the doctrine of estoppel cannot be invoked to expand coverage under the Policy. Id. at pp. 20-22.

Tropical opposed the Hotel's request for partial summary judgment asserting that the Hotel's request is premised on the existence of a written service agreement between Tropical and the Hotel (at Docket No. 116-2) and that the existence of such an agreement, and whether such an agreement can be deemed an "insured contract" under the Policy, is disputed. Docket No. 127 at pp. 6, 9. Plaintiffs did not oppose the Hotel's motion for partial summary judgment.

### 1. Interpretation Under Puerto Rico Law

As a general rule, the interpretation of an insurance contract is a matter of law which, in this diversity action, is supplied by Puerto Rico law. MAPFRE Puerto Rico v. Guadalupe-Delgado, 613 F.Supp.2d 213, 217 (D.P.R. 2009); Zurich Am. Ins. v. Lord Elec. Co. of Puerto Rico, 986 F.Supp.2d 104, 110 (D.P.R. 2013). The interpretation of insurance policies in Puerto Rico is primarily governed by the Puerto Rico Insurance Code ("Insurance Code"), supplemented by the provisions of the Civil Code of Puerto Rico. López & Medina Corp. v. Marsh USA, Inc., 667 F.3d 58 (1st Cir. 2012). Article 11.250 of the Insurance Code provides that every insurance contract "shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any lawful rider, endorsement, or application attached to and made a part of the policy." P.R. LAWS ANN. tit. 26, § 1125; See also Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 203 (D.P.R. 2005). When the terms of the policy are clear and unambiguous, these must be applied and enforced as written. Marina Aguila v. Den Caribbean, Inc., 490 F.Supp.2d 244, 249 (D.P.R. 2007). Ambiguity arises only when the policy language is reasonably susceptible to having more than one rational interpretation and, in that case, must be liberally construed in the insured's favor. Clark School for Creative Learning, Inc. v. Philadelphia Indem. Ins. Co., 734 F.3d 51, 55 (1st Cir. 2013); Great Am. Ins. Co. v. Riso, Inc., 479 F.3d 158, 162 (1st Cir. 2007). Federal and state court interpretations from U.S. jurisdictions serve as a persuasive authority when construing insurance contracts under Puerto Rico law. Meléndez Piñero

7

v. Levitt & Sons of Puerto Rico, Inc., 129 D.P.R. 521, 535 (1991); PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 903, ___ P.R. Offic. Trans. ___ (1994).

### 2. Duty to Defend

An insurer's duty to defend is broader than the duty to indemnify. Pagán Caraballo v. Silva Delgado, 2 P.R. Offic. Trans. 96, 102, 122 D.P.R. 105, 111-112 (1988). The Court must evaluate the allegations in the complaint and compare them with the terms of the insurance policy to determine whether there is a possibility of coverage. Fernández v. Royal Indemnity Co., 87 P.R.R. 819, 823, 87 D.P.R. 849, 863 (1963); PFZ Props., Inc., 136 D.P.R. at 897-898. Any doubt regarding whether the insurer must provide legal representation should be resolved in favor of the insured, even in cases where the claims initially appear to fall outside the scope of coverage but could potentially fall within the broader duty to defend. PFZ Props., Inc.,136 D.P.R. at 897. The Court will analyze whether CSMPR had a duty to defend the Hotel by determining the scope of the AIE and assessing whether the allegations in the complaint here and the Delaware suit fall within the scope of the Policy.

#### a. Scope of the AIE

The AIE provides that the Hotel is an additional insured with respect to "liability for 'bodily injury,' 'property damage,' or 'personal and advertising injury' caused, in whole or in part, by [Tropical's] acts or omissions." Docket No. 116-1 at p. 34. The Hotel argues that this language should be interpreted to cover its own negligence and not solely any vicarious liability for the actions or omissions of Tropical. CSMPR counters that the AIE limits the coverage available to additional insureds like the Hotel to any vicarious liability for damages caused by Tropical's acts or omissions. Therefore, CSMPR argues that any liability attributable to the Hotel will not be covered under the Policy.

Pursuant to Puerto Rico law, unless deemed ambiguous, the language of an insurance policy must be given its ordinary meaning. Id. at 902-903. The language in the Policy at issue here quite explicitly provides that an additional insured will be provided coverage from liability when the named insured's negligence causes, in whole or in part, the claimed injury. There is no ambiguity in the text of the Policy. If Tropical is deemed responsible "in whole or in part" for the claimed injury, coverage is extended to the Hotel as an additional insured. And, contrary to the argument of CSMPR, the text of the Policy does not contain language from which the Court could

Domenech et al v. ESJ Resort LLC et al
Civil No. 23-1532 (SCC)
Report and Recommendation

infer that coverage for the Hotel's own negligence is excluded when the Hotel is deemed to have been partly negligent or if Tropical is only deemed partly liable for the claimed injury. See Merchants Insurance Company of New Hampshire, Inc. v. United States Fidelity & Guaranty Company, 143 F.3d 5, 10 (1st Cir. 1998) ("if [the insurer] had really intended to limit coverage under the additional insured [e]ndorsment to those situations in which an added insured […] was to be held vicariously liable only for the negligence of a principal insured […], [the insurer] was free to draft a policy with qualifying language that expressly implemented that intention"). It is thus reasonable to conclude that the language of the Policy excludes coverage for the Hotel only when the claimed injury has been caused exclusively by the Hotel or a third party. If the injury is caused in whole or in part due to actions or omissions of Tropical, coverage as an additional insured extends to the Hotel.

Although Puerto Rico courts have not interpreted the phrase "caused, in whole or in part," several federal courts have interpreted this identical language and rejected arguments limiting coverage to vicarious liability. For example, in Pro Con, Inc. v. Interstate Fire & Cas. Co., 794 F.Supp.2d 242, 256-257 (D. Me. 2011), the Court found that the endorsement, which contained the same "caused, in whole or in part," language, extended coverage to the additional insured "to occurrences attributable in part to acts or omissions by both the named insured *and* the additional insured." The Maine Court concluded that the "caused, in whole or in part" language meant that, in the absence of partial fault of the named insured, there should be no coverage for an additional insured. Id. at 257; see also Merchants Insurance Company of New Hampshire, Inc., 143 F.3d at 10 (holding that the language "caused, in whole or in part," was not intended to limit coverage to vicarious liability but rather covered situations where the named insured's actions had some causal connection to the injury.)

The cases relied upon by CSMPR to argue the contrary are distinguishable from the instant case. In Boise Cascade Corporation v. Reliance National Indemnity Company, 129 F.Supp.2d 41, 48 (D. Me. 2001), the AIE excluded coverage for an additional insured's own negligence. To wit, the endorsement specified that "in no event would [the additional insured] be entitled to coverage under the Policy for bodily injury arising out of [the additional insured's] own acts or omissions." Id. Thus, the Court held that the AIE expressly rejected coverage for the additional insured's sole negligence. Id. CSMPR also cited MacArthur v. O'Connor Corporation, 635 F.Supp.2d 112, 116

9

Domenech et al v. ESJ Resort LLC et al
Civil No. 23-1532 (SCC)
Report and Recommendation

(D.R.I. 2009), in which the District Court of Rhode Island interpreted an AIE as excluding from coverage the additional insured's own negligence. But the AIE there did not contain the "in whole or in part" language that is in question here. It is the inclusion of that language in the Policy that crystalizes the intention of the insurer to cover the additional insured for negligent acts attributable to both the named insured and the additional insured, when there is some causal nexus between the named insured's actions and the injury. Pro Con, Inc., 794 F.Supp.2d at 256-257 (citations omitted). To be sure, the inclusion of the "caused, in whole or in part" language in the AIE of the Policy demonstrates the intention of the insurer to extend coverage to the Hotel for negligence attributed to the Hotel so long as Tropical's acts or omissions are a contributing cause of the injury.

      **b.     Plaintiffs' Allegations Fall Within the Scope of the Policy**

The insurer may not decline defense merely by arguing that the damages fall outside policy coverage. PFZ Props., Inc., 136 D.P.R. at 896. The obligation of the insurer to assume legal representation will arise when, from a liberal interpretation of the allegations in the complaint, the possibility that the insured is covered by the issued policy emerges, regardless of the final adjudication of the case. Id. at 896. If the complaint contains allegations that are within the policy's coverage, as well as others that may not be, the insurance company must provide defense to the additional insured, even for those claims that may not be covered. Id.; Fernández, 87 P.R.R. at 823.

The complaint in this case clearly alleges that Tropical's negligence using the electrical machine to clean the Hotel's pool and jacuzzi caused Plaintiffs' injuries. See Docket No. 1 ¶ 84. The complaint states that Tropical used an electrical machine without taking the necessary precautions, resulting in electric shock injuries to Domenech. Id. Plaintiffs allege that "the negligence of Defendant Tropical" was the "direct and proximate cause" of their injuries. Id. at ¶ 86. Furthermore, the allegations in the complaint in the Delaware suit are clearly based on the same set of facts alleged in this case. See Docket No. 116-4. And courts have held that the presence of the "caused, in whole or in part" language in the AIE is sufficient to trigger a duty to defend, even when the named insured is not a party to the lawsuit. Louisville Galleria v. Philadelphia Indemnity Insurance Co., 593 F.Supp.3d 637, 650 (W.D. Ky. 2022); see also City of New York v. Harleysville Insurance Company, 682 F.Supp.3d 335, 342 (S.D.N.Y. 2023) (duty to defend an additional insured does not require the primary insured be named in the underlying complaint).

Domenech et al v. ESJ Resort LLC et al
Civil No. 23-1532 (SCC)
Report and Recommendation

This is logical because otherwise the decision on whether to provide defense and coverage would depend on a plaintiff's decision on who to sue where at any given time. There is no question that the allegations in both complaints at issue implicate Tropical's pool maintenance services for the Hotel. Both complaints contain a plausible theory of liability that falls within the scope of the AIE (injury caused "in whole or in part" by Tropical) and trigger CSMPR's duty to defend the Hotel as an additional insured.

### c.     Indemnitee vs. Additional Insured

Even though CSMPR argues that there is no "insured contract" between Tropical and the Hotel,[3] it relies on the very existence of such an agreement to argue that it has no duty to defend the Hotel under the payment exclusion in the "Supplementary Payments—Coverages A and B" section of the Policy. See Docket No. 116-1 at pp. 23-24. Under the terms of the Policy, the duty to defend an indemnitee only arises if the insured has assumed the liability of the indemnitee in an insured contract and there are no conflicts of interests between the indemnitee and the insured, such that a single attorney can represent both. CSMPR contends that it does not have a duty to defend the Hotel because there is now a conflict of interest between the Hotel and Tropical—specifically, that Tropical filed a third-party complaint against the Hotel alleging that the Hotel may be liable for Plaintiffs' claimed injuries. Docket No. 70. The Hotel counters that, under the terms of the Policy, the Hotel is an additional insured, not an indemnitee. Therefore, the exclusionary provision applicable to indemnitees does not apply.

The Hotel correctly points out that it seeks defense not as an indemnitee, but as an additional insured under the Policy. This distinction is crucial. An indemnitee's right to a defense is much narrower, often contingent on the existence of an insured contract and the absence of conflict of interest. Theresa A. Guertin & Tracy Alan Saxe, Insurance Coverage of Construction Disputes § 10:14 (2d ed. 2025) (discussing usual conditions required to trigger an indemnitor's

---

[3] CSMPR argued that, in the Services Agreement at Docket No. 116-2, Tropical did not assume liability for the Hotel. However, Section 16 of the Services Agreement does provide that Tropical would defend, indemnify and hold harmless the Hotel against and from any and all allegations, demands, claims, liabilities, damages, or costs of any kind whether or not occurring during the term of the agreement "arising out of or in any way connected with (a) your breach of this Agreement, (b) your negligence, or (c) your actual or alleged infringement of the rights of any person[…]." Docket No. 116-2 at p. 3. The Services Agreement contains an Exhibit B requiring Tropical to maintain a commercial general liability policy covering liability for bodily and property injury, and liability assumed under an insured contract. Id. at p. 8. It also expressly requires that the Hotel be included as an additional insured in the policy. Id.

11

Domenech et al v. ESJ Resort LLC et al
Civil No. 23-1532 (SCC)
Report and Recommendation

insurer's duty to defend an indemnity). By contrast, an additional insured's right to defense arises directly from the insurance policy when the allegations in the underlying complaint potentially fall within the scope of the AIE, regardless of whether an insured contract exists, or a conflict of interest arises. Pro Con, Inc., 794 F.Supp.2d at 253-254. Accordingly, naming a party as an additional insured eliminates the need to determine whether the indemnitor's insurer has a duty to defend the party as an indemnitee. Theresa A. Guertin & Tracy Alan Saxe, Insurance Coverage of Construction Disputes § 10:14 (2d ed. 2025).

Consistent with this framework, although the existence of an "insured contract," and consequently the terms of any such contract, is in dispute between Tropical and the Hotel (Docket Nos. 70, 92, 93, 127), such a dispute is not material to whether the Hotel is entitled to defense as an additional insured under the Policy. CSMPR's duty to defend the Hotel is not triggered by any indemnity granted by Tropical in the Services Agreement or in any other agreement. CSMPR's duty to defend the Hotel is triggered independently by the AIE, and no conflict of interest between Tropical and the Hotel can be invoked as an excuse to deny defense.[4]

### 3. Duty to Indemnify

The duty to indemnify is distinct and narrower than the duty to defend. Whereas the duty to defend is triggered by the mere possibility of coverage based on the allegations in the complaint, the duty to indemnify depends on the facts established and the liability ultimately imposed in the underlying complaint. Zurich Am. Ins., 986 F.Supp.2d at 115-116 (quoting Pagán Caraballo, 22 P.R. Offic. Trans. at 102).

As discussed above, the AIE's "caused, in whole or in part" language does not require that coverage of the Hotel be limited to its vicarious liability, nor does it exclude coverage merely because the Hotel's own negligence contributed to the injury. Rather, coverage is owed to the Hotel if Tropical's actions or omissions are a contributing cause of the injury that gives rise to the Hotel's liability. At this stage of the proceedings, the allocation of fault between the Hotel and Tropical has not been determined. Because the duty to indemnify turns on facts that remain unresolved, summary judgment as to the ultimate obligation to pay would be premature. Zurich Am. Ins., 986 F.Supp.2d at 116. Nonetheless, the Court could declare the governing legal standard

---

[4] The Court need not address the Hotel's alternate argument claiming CSMPR was bound to provide defense under the doctrine of estoppel at Docket No. 116 at pp. 11-13.

Domenech et al v. ESJ Resort LLC et al
Civil No. 23-1532 (SCC)
Report and Recommendation

that would control indemnification if liability is adjudicated: if the Hotel is found liable for any of Plaintiffs' injuries and the evidence establishes that Tropical's negligence contributed to those injuries, CSMPR should indemnify the Hotel for that liability, even if the Hotel's own negligent acts or omissions also contributed to the injury.

### IV.    Conclusion

Having concluded that CSMPR owes the Hotel a duty to defend in both civil actions, it is my view that CSMPR has materially breached the Policy by failing to provide that defense. PFZ Props., Inc., 136 D.P.R. at 897. The Court should thus order CSMPR to reimburse the Hotel for all attorney's fees and costs incurred to date and in the future for the defense from both civil lawsuits. For the reasons discussed above, I recommend that the Hotel's motion for partial summary judgement at Docket No. 116 be **GRANTED** and CSMPR's cross-motion for partial summary judgment be **DENIED**.

This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have **fourteen (14) days** to file any objections to this Report and Recommendation. Failure to file timely and specific objections may be deemed waived by the District Court and claims not preserved by objections may be precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Henley Drilling Co. v. McGee, 36 F.3d 143, 150 (1st Cir. 1994).

**IT IS SO RECOMMENDED.**
In San Juan, Puerto Rico, this 15th day of January 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge